7904

## GRAHAM v. ATLANTIC COAST LINE R. R. CO.

1. PRINCIPAL AND AGENT—VERDICT—NEW TRIAL.—There being evidence here to show plaintiff was insulted and assaulted with a deadly weapon by the agent of defendant carrier on the station premises while he was there dealing with the agent in reference to business within the scope of his employment, this Court cannot say the verdict was the result of passion or prejudice although a large one under the facts, or that there was an abuse of discretion in refusing a new trial.

2. NEW TRIAL.—There is no abuse of discretion in refusing a new trial because appellant did not have at the trial a witness the necessity of whose presence could not have been foreseen, especially when no motion for continuance was made on that ground.

Before SEASE, J., Florence, November, 1910. Affirmed.

Action by O. O. Graham against Atlantic Coast Line Railroad Company. Defendant appeals.

*Mr. Lucian W. McLemore,* for appellant, cites: *Verdict is so excessive as to show some improper motive:* 88 S. C. 388; 86 S. C. 529.

*Messrs. Ragsdale & Whiting,* contra, cite: *Master is liable for wrongful act of his employee within the scope of his employment:* 3 S. C. 1; 37 S. C. 377; 58 S. C. 143; 67 S. C. 395; 68 S. C. 94; 69 S. C. 133; 53 S. C. 213. *In exemplary damages:* 53 S. C. 211; 3 S. C. 580; 35 S. C. 490; 28 N. Y. Supp. 53; 81 Id. 1074; 4 L. R. A. (N. S.) 485; 25 S. E. 565; 73 N. E. 951; Wood on M. & S. 594; 117 N. C. 592. *This Court has no jurisdiction to review the action of the trial Judge in refusing the motion for new trial on ground of want of evidence:* 11 S. C. 222, 591; 26 S. C. 104; 31 S. C. 443; 53 S. C. 215; 69 S. C. 110; 78 S. C. 569. *Nor can it reverse judgment on ground that verdict is excessive:* 11 S. C. 591; 53 S. C. 210; 69 S. C. 161; 83 S. C. 293; 86 S. C. 529; 29 S. C. 324; 74 S. C. 320; 76 S. C. 218; 78 S. C. 556. *Motion to continue during trial should have been made upon discovery by appellant of importance of absent witness:* 38 S. C. 345; 83 S. C. 476; 83 S. C. 193; 9 Col. App. 443.

May 9, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The complaint in this case was based on the allegation that on November 5, 1909, in Florence county, at Coward's station, on defendant's line, defendant, by its station agent, E. L. Smith, grossly insulted and abused plaintiff and maliciously assaulted him with a pistol, while he was lawfully upon defendant's premises for the purpose of obtaining freight and paying the charge due thereon. Verdict and judgment were rendered in favor of plaintiff for one thousand dollars.

Motion for a new trial was made on two grounds: (1) "That the verdict is so excessive as to show on its face that

the jury were influenced by passion, or whim, or prejudice; (2) that the failure of defendant to have the benefit of the testimony of the witness, S. C. Smith, could not have been foreseen and guarded against, and without this testimony the defendant has not had a fair and impartial submission of its case to the jury." These grounds are renewed here by exceptions, all other exceptions being abandoned.

We cannot say that the verdict was the result of passion, whim, or prejudice, upon anything appearing in the record, or that there was abuse of discretion in refusing a new trial for excessive verdict. There was evidence tending to show that defendant's agent assaulted plaintiff with a deadly weapon upon the station premises, while plaintiff was there dealing with the agent in reference to business within the scope of the agent's employment. The verdict may be regarded as large; but not being without support in the evidence, this Court cannot interfere. *Bing* v. *Atlantic C. L. R. R. Co.,* 86 S. C. 529.

It may have been unfortunate for the defendant that it went to trial without the testimony of the witness, Smith, but that affords no ground for relief in this Court. There was not even a motion for continuance on the ground of the absence of the witness. There was certainly no abuse of discretion in refusing a new trial on this ground.

The judgment of the Circuit Court is affirmed.